UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER J. HAAS | ) | CASE NO. 5:25-CV-00274 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| ASPLUNDH TREE EXPERT, LLC | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 21) |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before this Court is Defendant Asplundh Tree Expert's motion for judgment on the pleadings. Doc. 21. Plaintiff Alexander Hass opposed the motion and Defendant replied. Docs 22, 23. For the reasons set forth below, the Court GRANTS Defendant's motion and DISMISSES the complaint in its entirety.

I.      STATEMENT OF FACTS

Plaintiff, a private land-owner, brings this suit against Defendant, "a vegetation management company[.]" Doc. 1, ¶2. Plaintiff's land contains an easement to access electrical lines.

Plaintiff sets forth the following facts:

Plaintiff alleges that on December 13, 2023, Defendant Asplundh Tree Expert entered his property and cut down approximately 20x40 feet of bamboo and an additional 325x20 feet of privacy vegetation. Plaintiff explicitly told Asplundh's crews not to remove any vegetation beyond the easement, but they 'willfully ignored' these instructions and cut trees and shrubs outside the authorized area. Asplundh's work therefore went beyond its claimed right.

1

## II.    STANDARD OF REVIEW

The standard for reviewing a judgment on the pleadings under Fed.R. 12(c) is the same as the standard for reviewing a motion to dismiss under Fed.R. 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).   In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."   *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.   *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III.    ANALYSIS

Plaintiff asserts many claims, both state and federal, regarding the cutting of bamboo on his property. Doc. 1. His state law claims are 1) Trespass, 2) Conversion, 3) Negligence 4) O. R.C. 901.51 Violation, and 5) Unjust Enrichment. His federal claims are brought under 42 U.S.C. §1983, asserting violations of the Fifth and Fourteenth Amendments. Doc. 1.

#### A.    **<u>42 U.S.C. § 1983</u>**

To establish a federal claim under §1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

> Section 1983 creates a cause of action for the violation of federal rights by a person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State.' 42 U.S.C. § 1983. In rare circumstances, private actors may also be liable under §1983, but only when the plaintiff can show that the private party's actions 'so approximate state action that they may be fairly attributed to the state.' *Inner City Contracting, LLC v. Charter Township of Northville*, 87 F.4th 743, 757 (6th Cir. 2023) (citation omitted). Generally, we look to three tests to determine whether private action has become state action: (1) the public-function test, (2) the state-compulsion test, and (3) the nexus test. See *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020). A plaintiff may also show state action by establishing 'that a private party has engaged in a conspiracy or concerted action with other state actors.' Id.; see also *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

*Leta v. TriHealth, Inc.,* No. 23-3406, 2024 U.S. App. LEXIS 1548, at *7 (6th Cir. Jan. 22, 2024); *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

Plaintiff's complaint states the Defendant's action was a "joint action with state actors". Doc. 1, p. 2. Plaintiff asserts that Defendant "frequently contracts with public utilities and municipalities to manage vegetation under easement" and that "Defendant's activities were likely

3

conducted in coordination with a state-regulated utility or under a public easement. Such coordination makes their actions attributable to the state, satisfying the state action requirement of §1983." Doc. 1, p. 2. Further, Plaintiff contends that "when law enforcement was requested to halt the trespass and other violations of law, law enforcements responses was to question Plaintiff as to whether he wanted to continue to have power service at home.  Law enforcement made no requests or orders to Defendant to cease violations."  Doc. 1, p. 2. Plaintiff contends that Defendants were in a "joint action" with law enforcement and that law enforcement "declined to enforce state laws regarding trespassing destruction of private property and conversion, which Defendant also used as justification for its acts."  Doc. 1, p. 4.

Thus, Plaintiff relies exclusively on the theory that Defendant "engaged in a conspiracy or concerted action with other state actors." *Leta*, 2024 U.S. App. LEXIS 1548, at *7. A conspiracy claim must be pled with specificity.

> To hold a private party liable under §1983, the plaintiff must show that the private actor 'willfully participate[d] in joint action with state agents.' *Weser*, 965 F.3d at 516 (citation omitted). The plaintiff must 'alleg[e] that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed.' *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007); see also *Rudd v. City of Norton Shores*, 977 F.3d 503, 517 (6th Cir. 2020). 'A complaint must identify the alleged conspiracy with more than vague and conclusory allegations.' *Rudd*, 977 F.3d at 517 (citation omitted); see also *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ('It is well-settled that conspiracy claims must be pled with some degree of specificity. . . .' (citation omitted)).

*Id*.  Plaintiff fails to set forth the necessary specificity to establish that such a conspiracy existed either between Defendant and "a state-regulated utility" or with the police.  There is no indication in the complaint that a single plan existed to take property outside of the easement, or that the alleged conspirators shared an objective to take Plaintiff's property. The police were merely there to keep the peace, because, as admitted, Defendant had every right to cut vegetation within the

4

easement.   Doc. 22, p. 1. There is no indication that Defendant conspired with the police to cut vegetation *outside* that easement. This is not a case where the state actor, i.e., the police, and a private company conspired together to unlawfully take Plaintiff's property. Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §1983.

### B.      State Claims

Plaintiff's remaining claims sound in state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

## IV.    CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. This matter is hereby DISMISSED in its entirety.


**IT IS SO ORDERED.**


**Date: <u>March 17, 2026</u>**                                              *<u>/s/ John R. Adams</u>*
                                                                                      **U.S. District Judge**